PEOPLE v BLOSS

Docket Nos. 53135–53137. Argued November 6, 1973 (Calendar No. 1). —Decided April 29, 1975.

Floyd Bloss and Clifford Hughes were convicted of selling obscene literature in contravention of the statute, MCLA 750.343a; MSA 28.575(1), by the Kent Circuit Court, John T. Letts and Roman Snow, JJ. The Court of Appeals, J. H. Gillis, P. J., and McGregor and Quinn, JJ., affirmed (Docket Nos. 6400, 6401). The Supreme Court reversed as to Bloss, 388 Mich 409; 201 NW2d 806 (1972). The United States Supreme Court (413 US 909; 93 S Ct 3060; 37 L Ed 2d 1021 [1973]) vacated and remanded for further consideration in light of *Miller v California,* 413 US 15; 93 S Ct 2607; 37 L Ed 2d 419 (1973); *Paris Adult Theatre I v Slaton,* 413 US 49; 93 S Ct 2628; 37 L Ed 2d 446 (1973); *Kaplan v California,* 413 US 115; 93 S Ct 2680; 37 L Ed 2d 492 (1973); *United States v 12 200-ft Reels of Super 8mm Film,* 413 US 123; 92 S Ct 2665; 37 L Ed 2d 500 (1973); *United States v Orito,* 413 US 139; 93 S Ct 2674; 37 L Ed 2d 513 (1973); *Heller v New York,* 413 US 483; 93 S Ct 2789; 37 L Ed 2d 745 (1973); *Roaden v Kentucky,* 413 US 496; 93 S Ct 2796; 37 L Ed 2d 757 (1973); and *Alexander v Virginia,* 413 US 836; 93 S Ct 2803; 37 L Ed 2d 993 (1973). *Held:*

1. Defendant's conviction cannot stand because at the time he did the act complained of the Supreme Court had not construed the obscenity statute to prohibit such conduct.

2. Michigan statutes regulating the dissemination of "obscene" materials as applied to juveniles and unconsenting adults are valid and enforceable.

3. The Court is divided as to whether such statutes can properly be construed by it, without further legislative expression, as proscribing the dissemination of "obscene" material to consenting adults.

The conviction is reversed and the defendant is discharged.

27 Mich App 687; 184 NW2d 299 (1970) reversed.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 50 Am Jur 2d, Lewdness, Indecency, and Obscenity §§ 11, 40.

1. OBSCENITY—STATUTES—CONSTRUCTION.

A defendant's conviction of selling obscene literature is reversed and the defendant is discharged where at the time he did the act complained of the Supreme Court had not construed the obscenity statute to proscribe such conduct (MCLA 750.343a).

2. OBSCENITY—STATUTES—JUVENILES—UNCONSENTING ADULTS.

The Michigan statutes regulating the dissemination of "obscene" material as applied to juveniles and unconsenting adults are valid and enforceable.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney and *Donald A. Johnston III,* Chief Appellate Attorney *(Sherwin J. Venema,* of counsel), for the people.

*Robert E. Smith* and *Gilbert H. Deitch (John W. Piggott,* of counsel), for defendant Bloss.

Amici Curiae: *Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Jann C. Ryan,* Assistant Attorney General.

American Civil Liberties Union of Michigan (by *Bruce T. Leitman).*

PER CURIAM. On June 25, 1973, the United States Supreme Court vacated our earlier judgment in *People v Bloss,* 388 Mich 409; 201 NW2d 806 (1972). The Court remanded *Bloss* to us for further consideration in light of several new opinions that it issued on the subject of obscenity.[1]

---

[1] *Miller v California,* 413 US 15; 93 S Ct 2607; 37 L Ed 2d 419 (1973); *Paris Adult Theatre I v Slaton,* 413 US 49; 93 S Ct 2628; 37 L Ed 2d 446 (1973); *Kaplan v California,* 413 US 115; 93 S Ct 2680; 37 L Ed 2d 492 (1973); *United States v 12 200-ft Reels of Super 8mm Film,* 413 US 123; 92 S Ct 2665; 37 L Ed 2d 500 (1973); *United States v Orito,* 413 US 139; 93 S Ct 2674; 37 L Ed 2d 513 (1973); *Heller v New York,* 413 US 483; 93 S Ct 2789; 37 L Ed 2d 745 (1973); *Roaden v Kentucky,* 413 US 496; 93 S Ct 2796; 37 L Ed 2d 757 (1973); *Alexander v Virginia,* 413 US 836; 93 S Ct 2803; 37 L Ed 2d 993 (1973).

We are persuaded that defendant's conviction cannot stand for the reason that at the time he did the act complained of this Court had not construed the obscenity statute[2] (as permitted in *Miller)* to proscribe such conduct.

We are unanimously of the opinion that the Michigan statutes regulating the dissemination of "obscene" material as applied to juveniles and unconsenting adults are valid and enforceable.

We are divided as to whether such statutes can properly be construed by us without further legislative expression as proscribing the dissemination of "obscene" material to consenting adults. See Const 1963, art 1, § 5.

The conviction is reversed and the defendant is discharged.

T. G. KAVANAGH, C. J., and SWAINSON, WILLIAMS, LEVIN, and M. S. COLEMAN, JJ., concurred.

J. W. FITZGERALD, J., and the late Justice T. M. KAVANAGH took no part in the decision of this case.

---

[2] MCLA 750.343a; MSA 28.575(1).